# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CTI SERVICES LLC, d/b/a CITADEL TECHNOLOGIES and ROGER WALKER, <br><br>  Plaintiffs, <br><br> v. <br><br> KEN HAREMZA, an individual; T.D. WILLIAMS, INC., an Oklahoma Corporation; and ENERGY MAINTENANCE SERVICES GROUP I, LLC, successor-in-interest to ENERGY FACILITY SERVICES, INC., <br><br>  Defendants. | Case No. 09-CV-144-GKF-TLW |

## OPINION AND ORDER

This matter comes before the court on Plaintiffs' Motion to Amend Complaint and Add Defendants. [Doc. No. 82]. Plaintiffs seek leave to amend to add Hunting Pipeline Services, L.L.C. ("Hunting Pipeline"), Hunting Specialized Products, Inc. ("Hunting SP") and Hydratech Engineered Products, L.L.C. ("Hydratech") as defendants.

### I. Background/Procedural Status

This is a dispute over competing composite wrap products used to repair leaking or corroded piping systems. Plaintiff CTI Services LLC, d/b/a Citadel Technologies ("Citadel") develops and manufactures epoxy and carbon-composite systems for interior and exterior pipeline rehabilitation. Defendant Ken Haremza was a sales representative/marketing manager for plaintiff from 2000 until September 25, 2006. Defendant T.D. Williamson, Inc. ("TDW") and Energy Facility Services Inc. ("EFSI") were distributors for plaintiff. On January 28, 2009, plaintiffs filed suit against defendants in Tulsa County District Court asserting claims of breach of contract, breach of fiduciary duty and conversion, tortious interference with existing and

prospective business relations, unfair competition, violation of the Oklahoma Deceptive Trade Practices Act, violation of the Oklahoma Consumer Protection Act, commercial disparagement/ misappropriation of trade secrets/trade libel/injurious falsehood, unjust enrichment, violation of the Lanham Act, trademark and trade name infringement and violation of 78 O.S. §85 et seq. (misappropriation of trade secrets, and copyright infringement. [Doc. No. 2-1]. TDW removed the case to federal court on March 16, 2009. [Doc. No. 2].

Plaintiffs seek leave to amend the complaint to add Hunting Pipeline, Hunting SP and Hydratech, companies they claim developed the competing product, I-Wrap. Plaintiffs state that they learned of the relationship of these parties and their involvement in the product's development as a result of a document production by Energy Maintenance Service Group I, LLC, on December 28, 2010. [Doc. 82 at 3-6]. The motion was filed on January 28, 2011, two days before the deadline for motions for joinder of additional parties. The proposed amended complaint adds only the newly-discovered defendants and does not add any new claims for relief.

## II. Analysis

Under Fed.R.Civ.P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of an opportunity to amend is within the discretion of the district court. *Id.* However, in exercising its discretion, the court must be mindful of the spirit of the Federal Rules of Civil Procedure to encourage decisions on the merits rather than on mere technicalities. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). Refusal of a request to amend is appropriate only "on a showing of undue

2

delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

Defendants contend plaintiffs have delayed unreasonably in amending their pleadings and the addition of new claims will cause prejudicial delays.

### 1. Undue Delay

In considering whether a party delayed unreasonably in amending its pleadings, the court must focus primarily on the reasons for the delay. *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay. *Id.* "[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Id.* However, "[t]here is no undue delay in seeking leave to amend if [parties] acquire knowledge of he facts behind the new claim only through recent discovery and after conducting a reasonable investigation of that information." *Koch v. Koch Industries,* 127 F.R.D. 206 (D. Kans. 1989).

Plaintiffs contend that their review of documents produced in late December of 2010 prompted their effort to amend. The Motion to Amend was filed before the deadline set by the court. Therefore, the court finds plaintiffs did not delay unreasonably in seeking to amend its complaint.

### 2. Prejudice to Plaintiffs

The Tenth Circuit views potential prejudice to the nonmoving party as the "most important factor in deciding a motion to amend pleadings." *Minter,* 451 F.3d at 1207. "Courts

3

typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1208 (quotation and citation omitted). "Most often, this occurs when amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

At the time plaintiffs filed their motion to amend, discovery cutoff was March 25, 2011. Defendants complained they would be prejudiced if plaintiffs were allowed to amend their complaint with less than two months remaining for discovery. Since that time, the scheduling order has been amended to extend discovery cutoff to June 10, 2011. [Doc. No. 95]. Therefore, the court finds no undue prejudice to defendants will result if plaintiffs are permitted to amend their complaint.

### III. Conclusion

Plaintiffs' Motion for Leave to Amend Complaint to Add Defendants is hereby granted. Defendants shall file their proposed Amended Complaint on or before March 2, 2011.

ENTERED this 25th day of February, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

4