IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CTI SERVICES LLC, d/b/a CITADEL TECHNOLOGIES and ROGER WALKER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| KEN HAREMZA, an individual; T.D. WILLIAMSON, INC., an Oklahoma corporation; ENERGY MAINTENANCE SERVICES GROUP I, LLC, successor-in-interest to ENERGY FACILITY SERVICES, INC.; HUNTING SPECIALIZED PRODUCTS, INC.; HYRDRATECH ENGINEERED PRODUCTS, L.L.C; and HUNTING PIPELINE SERVICES, L.L.C., | ) ) ) ) ) ) ) ) ) ) ) | Case No. 09-CV-144-GKF-TLW |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the court is defendant Energy Maintenance Services Group I, LLC's ("EMS") Objection [Doc. #153] to Magistrate Judge T. Lane Wilson's minute order of May 3, 2011 [Doc. #148] ruling on defendant Energy Maintenance Services Group I, LLC's Submission Regarding Production of Financial Materials. [Doc. #144].

A magistrate judge's ruling on pretrial, nondispositive motions will not be modified or set aside unless it is "clearly erroneous" or "contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. §636(b)(1)(a). Objections to a magistrate judge's rulings must be filed within 14 days of the rulings. Fed.R.Civ.P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.*

Plaintiffs filed a Motion to Compel against EMS on January 28, 2001 [Doc. #75]. The Motion to Compel addressed a number of interrogatories, including Interrogatory No. 20, to

which EMS had objected. EMS filed its response on February 18, 2011 [Doc. #100]. At the conclusion of a hearing on the Motion to Compel on March 15, 2011, Magistrate Judge Wilson entered a Minute Order which, inter alia, granted in part and denied in part the Motion to Compel [Doc. #110]. The Minute Order also directed the parties to meet and confer in an attempt to resolve any remaining issues and to file a joint statement outlining the remaining disputes by April 22, 2011. [*Id.*].

Subsequent correspondence between the parties, as well as the Joint Submission by the parties [Doc. #135] and EMS's Submission Regarding Production of Financial Materials [Doc. #144] make it quite clear both parties understood that Magistrate Judge Wilson had granted plaintiffs' Motion to Compel regarding Interrogatory No. 20, leaving for resolution the issue of the manner in which information responsive to the interrogatory was to be produced. [Doc. #156, Ex. 1; Doc. #135 at 3; Doc. #144 at 1-2].

With respect to the mechanics of production of the information, plaintiff took the position that the Stipulated Protective Order [Doc. #48] already in place, which allowed parties to designate certain documents as "Confidential Attorneys' Eyes Only," was sufficient to protect the confidentiality of the information sought. [Doc. #135 at 3]. EMS argued that since plaintiffs and defendant were competitors, and the financial information was sensitive, plaintiffs' attorneys should only be given online access to view the information and not be allowed to obtain it in hard copy form. [Doc. #135 at 3-4; Doc. #144 at 2-3].

At the conclusion of a hearing on May 3, 2011, Magistrate Judge Wilson ruled the existing protective order is adequate to protect the interests of defendant with respect to plaintiffs' Interrogatory Nos. 7, 20 and 22 and ordered full and complete responses to the interrogatories by

2

May 10, 2011 [Doc. #148].

Notwithstanding the fact that the Magistrate Judge had previously ruled on March 15, 2011, that the information requested in Interrogatory No. 20 must be provided, EMS now challenges not only the Magistrate Judge's May 3, 2011, ruling on the method of production of the information, but also the earlier ruling on discoverability of the information sought in Interrogatory No. 20.

**Objection to March 15, 2011 Ruling**

EMS's objection to the Magistrate Judge's ruling that information responsive to Interrogatory No. 20 is discoverable is denied as untimely. Fed.R.Civ.P. 72(a). Further, the court finds that even if the objection *had* been timely filed, the Magistrate Judge's ruling was not "clearly erroneous" or "contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. §636(b)(1)(a). Interrogatory No. 20 sought "figures showing EMS Group's total revenue for the period of time during which I-Wrap products have been sold." [Doc. #75, Ex. 1]. As asserted by plaintiff, the information sought is relevant to its punitive damages claim. [Doc. #75 at 18-20].

**Objection to May 3, 2011 Ruling**

EMS timely objected to the Magistrate Judge's ruling that the existing Stipulated Protective Order provides adequate protection for the financial information sought in Interrogatory No. 20. EMS asserts that "[i]f EMS/EFSI's total revenue figures are released, this information could get into the hands of its competitors to EMS/EFSI's disadvantage" and '[t]here is no adequate compensation to EMS/EFSI in such instance." However, the protective order in place permits EMS to designate the information as "Confidential Attorneys' Eyes Only" and provides that depositions, computerized material and hard-copy shall be labeled as

"CONFIDENTIAL," "CONTAINS CONFIDENTIAL INFORMATION," "CONTAINS CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." [Doc. No. 48 at 3-5]. Further, it provides that parties appropriately label and file under seal any such material filed with the court. Therefore, the court finds Magistrate Judge Wilson's ruling was neither "clearly erroneous" nor "contrary to law."

Defendant's Objection to the Magistrate Judge's Order [Doc. #153] is overruled.

ENTERED this 17th day of May, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma