# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CTI SERVICES, L.L.C., d/b/a CITADEL TECHNOLOGIES and ROGER WALKER,<br><br>Plaintiffs,<br><br>v.<br><br>ENERGY MAINTENANCE SERVICES GROUP I, L.L.C. successor-in-interest to ENERGY FACILITY SERVICES, INC.,<br><br>Defendant. | Case No. 9-CV-144-GKF-TLW |

## OPINION AND ORDER

Before the court is the Motion for Partial Summary Judgment [Dkt. #333] filed by plaintiff, CTI Services, L.L.C., d/b/a Citadel Technologies ("Citadel").

This is a dispute over competing composite wrap products used to repair leaking or corroded piping systems—Citadel's Diamond Wrap® ("Diamond Wrap") and I-Wrap® ("I-Wrap"), an Energy Maintenance Services Group, I, L.L.C. ("EMS") product. EMS's predecessor, Energy Facility Services, Inc. ("EFSI"), was a distributor of Citadel products, including Diamond Wrap. Plaintiffs contend EFSI removed references to Citadel from advertising materials for Diamond Wrap, reverse engineered Diamond Wrap to develop a similar product, then converted Diamond Wrap users to I Wrap.

Plaintiffs have asserted numerous claims against EMS, including trade secret misappropriation, breach of contract, breach of fiduciary duty and false advertising. Citadel's motion for partial summary judgment focuses on three statements made by EFSI in commercial advertising, which Citadel claims were *literally false* and therefore violated both the Oklahoma

Deceptive Trade Practices Act, 78 O.S. § 51, *et seq.*, and Section 1125 of the federal Lanham Act, 15 U.S.C. § 1051, *et seq.*[1]  Citadel alleges, and has presented evidence establishing that:

1. Diamond Wrap is a registered trademark of Citadel.  Citadel began using the trademark in commerce on November 30, 1999.  The trademark application for the Diamond Wrap trademark was filed on January 30, 2004, and the trademark registration was granted on August 30, 2005.  [Dkt. #333, Ex. 2, Diamond Wrap trademark registration].

2. The EFSI Product Solutions and Installation brochure contains a literally false representation as to Citadel's Diamond Wrap product. [Dkt. #333, Ex. 1, Deposition of EMS 30(b)(6) representative Jon Simunek at 16-18, 152-159 (admitting that brochure's reference to Diamond Wrap as "EFS's Diamond Wrap" instead of "Citadel's Diamond Wrap" was literally false and infringed Citadel's trademark); Plaintiff's Ex. 90].

3.  The EFSI Philosophy of Integrity brochure contains the same literally false representation as to Citadel's Diamond Wrap product.  [*Id.,* Simunek Dep. at 159-60 (same admission); Plaintiff's Ex. 91].

4.  Twenty-four historical web crawler captures of EFSI's website contain the same literally false representations as to Citadel's Diamond Wrap product.  [*Id.,* Simunek Dep. at 152-159; Plaintiff's Ex. 722].

In its response, EMS concedes these violations.  [Dkt. #350 at 1].  However, it argues summary judgment on liability is inappropriate because it did not make the misrepresentations intentionally or maliciously.

---

[1] Citadel seeks partial summary judgment as to its false advertising claim under the Lanham Act.  It does not seek partial summary judgment with respect to its trademark infringement claim under the Act.

Summary judgment pursuant to Fed.R.Civ.P. 56 is appropriate where there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

The Oklahoma Deceptive Trade Practices Act ("ODTPA") provides remedies for "[a]ny person damaged or likely to be damaged by a deceptive trade practice of another." 78 O.S. § 54.A. The ODTPA prohibits, inter alia:

- Knowingly mak[ing] a false representation as to the source, sponsorship, approval, or certification of goods or services; and
- Knowingly mak[ing] a false representation as to affiliation, connection, association with, or certification by another.

78 O.S. § 54.A(2) and (3).

Under the ODPTA, "[p]roof of actual monetary damages, loss of profits or *intent* shall not be required." *Id.* § 54.A. (emphasis added).

Similarly, 15 U.S.C. § 1125(a)(1)(B) imposes civil liability on persons who "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." To prevail on a false advertising claim under the Lanham Act, a plaintiff must prove: (1) defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to... the characteristics of the goods or services; and (4) injure the plaintiff. *Sally Beauty Co., Inc. v. BeatyCo., Inc.,* 304 F.3d 964, 980 (10th Cir. 2001). In order to obtain damages or an injunction under the Lanham Act, a plaintiff must demonstrate that the commercial advertisement or promotion is either literally false or that if the advertisement is not literally false, it is likely to mislead and confuse consumers. *Pizza Hut, Inc. v. Papa John's International, Inc.,* 227 F.3d 489, 495 (10th Cir. 2000). When a defendant's statements are

3

literally false, proof of actual consumer deception or confusion is unnecessary–the confusion is presumed to injure the plaintiff. *Zoller Laboratories, LLC v. NBTY, Inc.,* 111 Fed. Appx. 978, 982 (10th Cir. 2004). A claim that a statement is materially misleading, as contrasted with literally false, requires proof of *actual* consumer deception. *Clock Spring, L.P. v. Wrapmaster, Inc.,* 560 F.3d 1317, 1329 (Fed. Cir. 2009). Section 1125(a)(1)(B) does not require proof of intent to establish liability for a false representation claim.[2]

Because intent is not a required element of either an ODTPA claim or a Lanham Act false representation claim, and based on EMS's concession that it violated these acts, plaintiff Citadel is entitled to summary judgment as to defendant's liability for the statements enumerated above.

Therefore, plaintiff Citadel's Motion for Partial Summary Judgment [Dkt. # 333] is granted.

ENTERED this 4th day of February, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Citadel acknowledges that, intent *will* be a factor for the jury to consider in determining likelihood of confusion with respect to its trademark infringement claim under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). *See John Allan Co. v. Craig Allen Co. L.L.C.*, 540 F.3d 1133, 1138 (10th Cir. 2008).